## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

Case No.  06-32334

ROGER LEE RICE
d/b/a DOWN HOME CONNECTIONS
SHEREE LYNN RICE
a/k/a SHEREE LYNN PATRICK

Debtors

## MEMORANDUM ON OBJECTION TO CONFIRMATION
## FILED BY DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS, LLC

**APPEARANCES:**    LAW OFFICES OF MAYER & NEWTON
                    Richard M. Mayer, Esq.
                    John P. Newton, Jr., Esq.
                    1111 Northshore Drive
                    Suite S-570
                    Knoxville, Tennessee  37919
                    Attorneys for Debtors

                    HUSCH & EPPENBERGER, LLC
                    Holly N. Knight, Esq.
                    Christopher M. Kerney, Esq.
                    424 Church Street
                    Suite 1505
                    Nashville, Tennessee  37219
                    Attorneys for DaimlerChrysler Financial Services Americas, LLC

                    GWENDOLYN M. KERNEY, ESQ.
                    Post Office Box 228
                    Knoxville, Tennessee  37901-0227
                    Chapter 13 Trustee

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court on the Objection to Confirmation of Plan and Plan Terms Filed by DaimlerChrysler Financial Services Americas, LLC (Objection to Confirmation) filed on November 9, 2006, by DaimlerChrysler Financial Services Americas, LLC (DaimlerChrysler).  The court held a preliminary hearing on the Objection to Confirmation on December 6, 2006, at which time the matter was set for an evidentiary hearing on January 17, 2007.[1] On January 5, 2007, the parties filed Joint Stipulations of Facts, which were superseded by the Amended Joint Stipulations of Facts filed on February 8, 2007.  DaimlerChrysler filed a Memorandum of Facts and Law in Support of Objection to Confirmation by DaimlerChrysler Financial Services Americas, LLC, on January 10, 2007, and the Debtors filed a Brief in Support of Confirmation on January 11, 2007.  At the evidentiary hearing on January 17, 2007, the parties agreed that the matter would be decided on briefs and stipulations.[2]  Because the identical issues raised by DaimlerChrysler in the present case were decided by the court in two prior cases, *In Re Ezell*, 338 B.R. 330 (Bankr. E.D. Tenn. 2006), and more recently in *In re Steakley*, ___ B.R. ___, 2007 WL 259570 (Bankr. E.D. Tenn. Jan. 17, 2007), the Objection to Confirmation will be overruled.

The Debtors filed the Voluntary Petition commencing their bankruptcy case under Chapter 13 of the Bankruptcy Code on October 9, 2006.  DaimlerChrysler is a secured creditor of the Debtors

---

[1] Objections to confirmation filed by the Chapter 13 Trustee and AmSouth Bank were withdrawn by the respective parties at the January 17, 2007 hearing.

[2] The court also takes judicial notice of all material undisputed facts of record in the Debtors' bankruptcy case pursuant to Rule 201 of the Federal Rules of Evidence.

holding a $39,553.54 claim secured by a 2003 Ford F-350 (Ford).[3]  The Debtors' Chapter 13 Plan (Plan) proposes monthly payments to the Chapter 13 Trustee of $3,250.00 for 60 months, plus payment of all tax refunds in excess of $1,500.00, resulting in a projected dividend of 5-20% to nonpriority unsecured creditors.   With respect to DaimlerChrysler's claim at issue in this Memorandum, the Plan provides for surrender of the Ford "in full satisfaction" of the debt.

Pursuant to the December 7, 2006 scheduling Order, the sole issue the court is called upon to resolve is whether the Debtors' "proposed treatment of the claims of DaimlerChrysler Financial Services Americas, LLC, at paragraph 13 of the Debtors' Chapter 13 Plan by the '[s]urrender in full satisfaction of debt' of its collateral, a 2003 Ford F-350 XLT Lariat . . . meets the confirmation requirements of 11 U.S.C. § 1325(a)(5) (2005)."[4]

Section § 1325(a) provides, in material part:

(a)  Except as provided in subsection (b), the court shall confirm a plan if—

. . . .

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that—

---

[3] DaimlerChrysler is also a creditor of the Debtors with respect to a 2002 Freightliner truck and a 2002 Dodge Ram 3500.  These vehicles are not in dispute.

[4] The Debtors' Chapter 13 Plan also provides for surrender in full satisfaction of debt "of the 2002 Dodge Ram 3500," and the Objection to Confirmation filed by DaimlerChrysler included an objection to the proposed treatment of its claim secured by the 2002 Dodge Ram.  The Amended Joint Stipulations of Facts filed on February 8, 2007, removes any reference to the 2002 Dodge Ram, and the court presumes that all issues related to the Plan treatment of DaimlerChrysler's claim secured by this vehicle have been resolved.

(I) the holder of such claim retain the lien securing such claim until the earlier of—

(aa) the payment of the underlying debt determined under nonbankruptcy law; or

(bb) discharge under section 1328; and

(II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

(iii) if—

(I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and

(II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or

(C) the debtor surrenders the property securing such claim to such holder;

. . . .

For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [period[5]] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing[.]

---

[5] The court supplies this word which was presumably inadvertently omitted by the drafters of the statute.

11 U.S.C. § 1325(a) (2005).  In *Ezell*, the court determined that 11 U.S.C. § 1325(a), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, removed the ability of secured creditors to bifurcate their claims under 11 U.S.C. § 506(a) (2005) when the provisions of the alphanumeric paragraph located at the end of § 1325(a) are met.  Accordingly, under this "Anti-Cramdown Provision," once the requirements therein are met, debtors wishing to retain collateral under § 1325(a)(5)(B) must pay the full amount of the secured claim, and debtors wishing to surrender collateral under § 1325(a)(5)(C) may do so in full satisfaction of the debt.  *Ezell*, 338 B.R. at 340.  In *Steakley*, the court expanded upon *Ezell*, holding that the Bankruptcy Code preempts state law with respect to modification of creditors' rights, and § 1325(a)(5)(C) in conjunction with other provisions of the Bankruptcy Code, including the Anti-Cramdown Provision, leaves no avenue for a creditor to claim a deficiency balance under state law or the Uniform Commercial Code.  *Steakley*, 2007 WL 259570, at *6.

All of the applicable requirements set forth in the Anti-Cramdown Provision apply in this case.  The Debtors purchased the Ford, a motor vehicle, on November 13, 2004, within the 910-day period proceeding the date the petition was filed.  The Retail Installment Contract executed by the Debtors grants DaimlerChrysler a purchase money security interest in the Ford, which was acquired by the Debtors for their personal use.  Accordingly, based upon the Anti-Cramdown Provision as construed by the court in its *Ezell* and *Steakley* decisions, which are controlling on this issue, § 506(a) has no application to DaimlerChrysler's claim, the Anti-Cramdown Provision solidifies its position as a fully secured creditor without regard to whether the proposed treatment is retention or surrender of the Ford under § 1325(a)(5)(B) or (C), respectively, and there is no avenue by which

DaimlerChrysler may bifurcate its fully secured claim and file an unsecured deficiency claim.

DaimlerChrysler's Objection to Confirmation shall be overruled, and the Debtors' Plan will be

confirmed by a separate order.

FILED:   February 16, 2007

BY THE COURT

*/s/  RICHARD STAIR, JR.*

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE